**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **FELIX ALVAREZ,** ) | **CASE NO. 4:11CV3170** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **LISA HOLLINGSWORTH, (Warden)** ) | |
| **United States of America,** ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on initial review of Felix Alvarez's ("Alvarez") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("Petition"). For the reasons explained below, Alvarez's Petition is dismissed.

## I.  BACKGROUND

According to this court's records, a jury found Alvarez guilty of conspiracy to distribute methamphetamine, cocaine, and marijuana, and of possession with intent to distribute methamphetamine on April 6, 2000. (*United States v. Alvarez*, Case No. 4:00CR12 (D. Neb.), Filing No. 21.) On July 7, 2000, the court sentenced Alvarez to concurrent prison terms of 360 and 240 months. (Case No. 4:00CR12, Filing No. 43.) The Eighth Circuit Court of Appeals upheld the conviction, but remanded the case for re-sentencing. See *United States v. Alvarez*, 254 F.3d 725, 728 (8th Cir. 2001). On October 15, 2001, the court re-sentenced Alvarez in accordance with the Eighth Circuit Court of Appeal's opinion in *United States v. Alvarez*, 254 F.3d 725 (8th Cir. 2001). (Case No. 4:00CR12, Filing No. 77.)

On February 19, 2004, Alvarez filed a Motion to Vacate Under 28 U.S.C. § 2255. (Case No. 4:00CR12, Filing No. 102.) The court denied Alvarez's Motion as time-barred on October 18, 2004. (Case No. 4:00CR12, Filing No. 107.) Alvarez appealed the court's decision, but the Eighth Circuit Court of Appeals denied Alvarez a certificate of appealability on September 12, 2005. (Case No. 4:00CR12, Filing No. 120.)

Alvarez is serving his sentence at the United States Penitentiary in Leavenworth, Kansas. (Filing No. 1 at CM/ECF p. 1.) He filed his Petition in this matter on October 6, 2011. Petitioner argues that his sentence was unconstitutional because (1) the court considered prior convictions that had been expunged when imposing the sentence, and (2) the evidence presented at trial was insufficient to prove that he participated in a conspiracy. (*Id.* at CM/ECF pp. 1-3.)

## II. DISCUSSION

A federal prisoner challenging the legality of his sentence must raise his claims in a 28 U.S.C. § 2255 motion, while a federal prisoner attacking the execution of a sentence should raise his claims in a 28 U.S.C. § 2241 petition. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *see United States v. Hutchings*, 835 F.2d 185 (8th Cir. 1987), (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Youngman v. United States*, 3:11-cv-03009, 2011 WL 2312092, *2-3 (D.S.D. June 10, 2011), (dismissing 28 U.S.C. § 2241 petition because it was an attack on the validity of a sentence that should have been made under 28 U.S.C. § 2255).

As set forth above, Alvarez argues that his sentence was unconstitutional because (1) the court considered prior convictions that had been expunged, and (2) the evidence presented at trial was insufficient to prove that he participated in a conspiracy. (Filing No. 1 at CM/ECF pp. 1-3.) These claims attack the legality of Alvarez's sentence and must be raised in a motion brought pursuant to 28 U.S.C. § 2255. However, even if the court were to construe Alvarez's Petition as a § 2255 motion, the court would have to deny it. As set forth above, Alvarez previously filed a § 2255 motion in this court and he does not argue that he has sought or received permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h), ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").

Alvarez may be able to challenge his sentence or conviction in a § 2241 petition if he can demonstrate that § 2255 is "inadequate or ineffective." *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004). Here, Alvarez does not argue that § 2255 is "inadequate or ineffective." Regardless, this court does not have jurisdiction over Alvarez's § 2241 petition because Alvarez is not incarcerated in this district. *See Nichols,* 553 F.3d 647, 649, (reiterating that a claim attacking the execution of a sentence should be brought in a § 2241 petition in the jurisdiction of incarceration); *see also Youngman,* 2011 WL 2312092 at * 2, (finding that, because federal inmate was incarcerated in Louisiana, the District of South Dakota did not have jurisdiction over his § 2241 petition). Thus, to the extent Alvarez seeks to attack the execution of his sentence or can demonstrate that § 2255 is "inadequate or ineffective," he must submit a § 2241 petition to the United States District Court in Kansas, where he is currently incarcerated.

3

In summary, this court does not have jurisdiction over Alvarez's § 2241 petition and Alvarez has not received authorization to file a second or successive § 2255 motion. As such, Alvarez's Petition must be dismissed.

IT IS THEREFORE ORDERED that: (1) Alvarez's Petition (Filing No. 1) is dismissed without prejudice; (2) a separate judgment will be entered in accordance with this Memorandum and Order; and (3) all pending Motions are denied as moot.

DATED this 7th day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.